UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCIA JANE BURSTALL,

               Plaintiff,                      Case No.  11-12215

v.

                                    SENIOR UNITED STATES DISTRICT JUDGE
COMMISSIONER OF SOCIAL SECURITY,         ARTHUR J. TARNOW

               Defendant.                 MAGISTRATE JUDGE MONA K. MAJZOUB

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [12] AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11] AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9]**

On July 18, 2012, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R")

[12] recommending that Defendant's Motion for Summary Judgment [11] be granted and that

Plaintiff's Motion for Summary Judgment [9] be denied.  Plaintiff filed an Objection [13] on July 27,

2012.  Defendant filed a Response [14] on August 10, 2012.

**Factual Background**

The R&R contains a detailed explanation of the factual background of this case, and the Court

adopts the factual background as set out in the R&R in full.

**Standard of Review**

This Court reviews objections to an R&R on a dispositive motion *de novo.  See* 28 U.S.C.

§636(b)(1)(c).  Making some objections to an R&R, but failing to raise others, will not preserve all

objections a party may have to the report and recommendation.  *McClanahan v. Comm'r of Soc. Sec.*,

474 F.3d 830, 837 (6th Cir. 2006).  Objections that are filed must be specific.  *Frontier Ins. Co. v.*

*Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

In reviewing an Administrative Law Judge's ("ALJ") decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). So long as the conclusion is supported by substantial evidence, "this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

### Analysis

Plaintiff provides a number of objections to the R&R. While all of the arguments made by Plaintiff in her objection were made before the Magistrate Judge and are discussed in the R&R, the Court will review them *de novo*.

**Prior Hospitalizations**

Plaintiff first objects to the Magistrate Judge's determination "that the ALJ was correct in giving little or no weight to Plaintiff's prior psychiatric hospitalizations." Plaintiff attacks the ALJ's

determination that Plaintiff did not have an impairment sufficient to be considered "disabled" because, according to Plaintiff, her history of hospitalization disorder should have been given more weight by the ALJ.

To assess disability, an ALJ must engage in a five-step sequential evaluation. 20 C.F.R. §§ 404.1520, 416.980 (2012). At Step Three, the ALJ assesses whether an impairment found to be severe in Step Two "meets or equals one of our listings in appendix 1 to subpart P of part 404." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the severe impairment does meet one of the listings, then the claimant is considered disabled and is entitled to benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

In this case, the ALJ discussed Plaintiff's past hospitalizations in the context of Listing § 12.04. The ALJ noted that the hospitalizations occurred prior to the claimed onset of her disability period. Nevertheless, it is clear from the record that the ALJ did take into account Plaintiff's past psychiatric hospitalizations. The ALJ discussed Plaintiff's hospitalizations and, having done so, nevertheless concluded, based on Plaintiff's more recent treatment, that her psychiatric condition had improved. Plaintiff presents her own view of how the evidence regarding her past hospitalization should be weighed. The Court finds that the ALJ considered, and rejected, Plaintiff's past hospitalization as sufficient, alone, to justify a finding of disability, and was supported by substantial evidence in doing so.

**Listing 12.00(E)**

Plaintiff next objects that the Magistrate Judge did not find that the ALJ was required to apply 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(E) of the Listings. Section 12.00(E) stresses the need

for an ALJ to look beyond "the results of a single examination" and "review all pertinent information relative to [a claimaint's] condition, especially at times of increased stress" because "individuals who have long histories of repeated hospitalizations or prolonged outpatient care . . . may commonly have [their] life structured in such a way as to minimize [their] stress and reduce [their] symptoms and signs. In such a case, you may be much more impaired for work than your symptoms and signs would indicate." Section 12.00(E) acts as a caution to an ALJ against using isolated examinations to determine that a claimant with a long history of psychiatric hospitalizations is not disabled.

Here, the ALJ did not rely on one examination to determine that Plaintiff did not meet any of the Listings, but rather looked in depth at her mental health history and past hospitalizations. The ALJ weighed the evidence and determined that Plaintiff was not impaired in a manner equal to any of the Listings. While the ALJ may not have explicitly stated that he was addressing the concerns noted in section 12.00(E), the ALJ's determination nevertheless took into account the admonitions of section 12.00(E). Plaintiff cites no case law that requires an ALJ to explicitly state that he is taking into account the cautions contained in section 12.00(E). The Court finds that the ALJ's determination that Plaintiff did not have an impairment equal to any of the Listings was supported by substantial evidence.

**Credibility**

Plaintiff next objects to the Magistrate Judge's determination that the ALJ's credibility assessment of Plaintiff was supported by substantial evidence. The ALJ is in the "best position to observe witnesses' demeanor and to make an appropriate evaluation as to their credibility," and "an ALJ's credibility assessment will not be disturbed absent compelling reason." *Reynolds v. Comm'r*

4

*of Soc. Sec.*, 424 F. App'x 411, 416-17 (6th Cir. 2011) (citations omitted).  The ALJ is to consider the record as a whole in making a credibility determination.  *Id.*

Here, the ALJ based his determination regarding Plaintiff's credibility on the fact that she had quit her job at a cosmetics counter because she felt the pay was not sufficient to justify her travel time, as well as other inconsistencies between Plaintiff's testimony and the available medical records. While Plaintiff offers a number of factors she believes establish her credibility, the Court finds that the ALJ had the "more than a scintilla" of substantial evidence available to support his determination that Plaintiff's statements that she could not perform any work were not credible.

**Alleged Failure to Address Past Work Attempts**

Plaintiff next  objects to the Magistrate Judge's determination that any failure of the ALJ to specifically address Plaintiff's failed past work attempts was harmless.  Plaintiff argues that the ALJ should have placed great weight on the fact that Plaintiff was fired from one of her past jobs as an assistant in a doctor's office.

The Court first notes that the given reasons for Plaintiff being fired - not being able to adequately take care of filing and charts, difficulty in prioritizing tasks and scheduling appointments, and difficulty in properly maintaining accurate medical records - do not necessarily demonstrate that Plaintiff is disabled.  Rather, the ALJ  looked to all of Plaintiff's past work experience to assess her credibility and the impact of her mental impairment.

The Court next notes that Plaintiff's objection does not actually address the Magistrate Judge's conclusion that any error on the part of the ALJ with respect to the weight of past employment was harmless.  The ALJ found that Plaintiff could not perform any jobs requiring the

skills of her past employment.  Plaintiff nevertheless argues that the fact that she was fired from a job that the ALJ found she could no longer perform should have been given great weight by the ALJ. Plaintiff fails to address the issue raised by the Magistrate Judge, that any error by the ALJ in failing to give weight to Plaintiff's firing was harmless because the ALJ agreed that Plaintiff could not perform any jobs requiring skills similar to the job from which she was fired.  As such, Plaintiff's objection is not persuasive.

**Hypothetical Question to Vocational Expert**

Plaintiff's final objection concerns the hypothetical question posed by the ALJ to the Vocational Expert ("VE").  During Plaintiff's disability hearing the ALJ posed two hypothetical questions to the VE.  The ALJ first asked the VE about an individual "limited to only light, unskilled work involving occasionally climbing, balancing, kneeling, stooping, couching and crawling."  The VE answered that such an individual could not perform the past jobs Plaintiff had held, but could perform "unskilled, entry-level jobs" such as file clerk or cashier.  The ALJ also asked the VE whether Plaintiff could perform any work at all if the ALJ found her credible (which he did not), and the VE responded that Plaintiff would not be able to complete any work-related tasks due to her psychological symptoms if she was found credible.

Plaintiff argues that the ALJ's first hypothetical was deficient because it did not "accurately describe [Plaintiff's] mental limitations and, therefore, the VE's testimony in response . . . did not constitute substantial evidence that Plaintiff could perform the jobs he described."  Plaintiff's objection thus focuses on Steps Four and Five of the ALJ's disability analysis.

In Step Four, the ALJ determines the claimant's Residual Functional Capacity ("RFC").  20

C.F.R. §§ 404.1520(e), 416.920(e). "Your [RFC] is the most you can still do despite your

limitations." 20 C.F.R. § 416.945(a)(1) (2012). In considering the RFC, the ALJ "will consider all

of your medically determinable impairments . . . ." 20 C.F.R. § 416.945(a)(2).  The ALJ will also

"consider any statements about what you can still do that have been provided by medical sources,

whether or not they are based on formal medical examinations." 20 C.F.R. § 416.945(a)(3).  The ALJ

must use the RFC assessment to determine if the claimant can perform their past relevant work. 20

C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If claimant can still do past relevant work, then

benefits are denied. 20 C.F.R. §§ 404.1520(f), 416.920(f).

If claimant cannot do past relevant work, at the fifth step the ALJ must use the RFC

assessment along with the claimant's age, education, and work experience to see if the claimant can

make a transition to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  At Step Five, the

ALJ must "identify a significant number of jobs in the economy that accommodate the claimant's

[RFC] (determined at step four) and vocational profile."

Plaintiff's basic objection is that, according to the ALJ's own findings, Plaintiff's bipolar

disorder caused her to suffer "moderate difficulties in concentration, persistence and pace."  Plaintiff

argues that the ALJ's hypothetical question should have included reference to Plaintiff's limitations

in concentration, persistence, and pace, presumably through the inclusion of that exact wording in

the ALJ's hypothetical question.  Plaintiff argues that the failure of the ALJ to include these specific

limitations requires remand.  Plaintiff notes that evidence elicited from a VE may only be relied on

as substantial evidence of jobs that accommodate a claimant's RFC if the hypothetical question

"'accurately portrays [a claimant's] individual physical and mental impairments.'" *Ealy v. Comm'r*

*of Soc. Sec.*, 594 F.3d 504, 512-13 (6th Cir. 2010) (quoting *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002)).   Thus, Plaintiff's objection is that the hypothetical question, which explicitly limited Plaintiff to "unskilled" positions, does not accurately portray Plaintiff's mental and physical impairments.

Plaintiff's contention that the ALJ was required to more explicitly incorporate Plaintiff's bipolar condition and resulting medical impairments into his hypothetical question is inaccurate.  An ALJ need not list a claimant's medical condition in the hypothetical question; rather, the hypothetical should provide the VE with the ALJ's assessment of what a claimant "can and cannot do."  *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).  In *Ealy*, which Plaintiff relies on, the United States Court of Appeals for the Sixth Circuit found the hypothetical question insufficient because the court rejected the underlying assumption in the hypothetical - that is, that the claimant could perform "simple, repetitive tasks and instruction in non-public work settings."  *Ealy*, 594 F.3d at 516.  Rather, the court found that the claimant's mental impairments were such that the hypothetical did not accurately state the work the claimant could perform.

Thus, in the instant case, the question is whether the ALJ's hypothetical assuming that Plaintiff can perform unskilled work "accurately portrays [the] claimant's physical and mental impairments."  *Id*.  The Court finds that substantial evidence supports the ALJ's assumption.  Plaintiff had, in the past, performed work that was more complex and mentally demanding than the unskilled work posed in the hypothetical.  While Plaintiff presented evidence that she was fired from a skilled position, and presented medical evidence that she had ongoing mental impairment due to her bipolar disorder, there is also evidence in the record that Plaintiff's condition had improved over time and that she had quit a recent job because she did not find the pay adequate to justify her travel.  Thus,

8

there was "more than a scintilla of evidence" that Plaintiff could perform unskilled work. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  As such, it was not error for the ALJ to omit specific discussion of Plaintiff's moderate limitations in concentration, persistence, and pace when the hypothetical nevertheless accurately reflected Plaintiff's mental and physical impairments, as determined by the ALJ and as supported by substantial evidence.

## Conclusion

The Court having reviewed the record in this case, the Report and Recommendation [12] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.  Defendant's Motion for Summary Judgment [11] is **GRANTED**.  Plaintiff's Motion for Summary Judgment [9] is **DENIED.**  This case is **CLOSED**.

**SO ORDERED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: September 27, 2012                Senior United States District Judge

_____

## CERTIFICATE OF SERVICE

I hereby certify on September 27, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 27, 2012: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182

9